RICHARD J. TURPIN and EILEEN B. TURPIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Turpin v. Commissioner
Docket No. 6329-73.
United States Tax Court
T.C. Memo 1975-176; 1975 Tax Ct. Memo LEXIS 197; 34 T.C.M. (CCH) 768; T.C.M. (RIA) 750176; June 2, 1975, Filed Thomas J. Carley, for the petitioners. William K. Carr, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: Respondent has determined a deficiency in the income tax of petitioners for the taxable year 1971 in the amount of $293.98. The sole question before this Court is whether petitioner, Richard J. Turpin, is entitled to deduct as an ordinary and necessary business expense under section 162, [1] all or part of the daily cost of traveling between his residence and the various job sites to which he was assigned. FINDINGS OF FACT Petitioners are Richard J. Turpin and Eileen B. Turpin, *198 husband and wife, whose legal residence at the time of the filing of the petition herein was Paramus, New Jersey. Petitioners timely filed a joint Federal income tax return for the taxable year 1971 with the district director of internal revenue, Brooklyn, New York. During the taxable year 1971, Richard J. Turpin (hereinafter referred to as "petitioner") was an electrician by trade. [2] He resided with his wife and family in Paramus, New Jersey. In 1971, petitioner was employed by several different employers from whom he received total wages in the amount of $14,388.35. He received these job assignments from a nearby union hall of which he was a member. Petitioner traveled to and from his assigned job sites in a 1970 Renault sedan. He used the trunk of the car to carry the tools of his trade as well as other miscellaneous equipment. No special alterations were made to the car on account of the tools and equipment which weighed approximately 80 pounds. Public transportation was not a practical method to travel between petitioner's residence and his various *199 job sites. Due to the inadequacy of such transportation, it is reasonable to assume that petitioner would have proceeded to the job sites by private automobile, through car pooling or otherwise, even if he were not carrying his tools and equipment. During 1971, petitioner drove a total of 9,877 miles between his place of residence and the various job sites to which he was assigned. On his income tax return for 1971, petitioner claimed an employee business expense deduction on account of such travel in the amount of $1,185. [3] In addition, petitioner claimed a deduction of $150 on account of the tolls paid pursuant to such travel. He received no reimbursement from his employers for any of such travel. During the year in question, petitioner performed no services for any of such employers at his residence. OPINION The only question before this Court is whether during the taxable year 1971 the petitioner is entitled to deduct as an ordinary and necessary business expense under section 162(a) the *200 cost of travel between his residence and the various job sites to which he was assigned. During the year in question, the petitioner was an electrician by trade. He was assigned to various job sites by his union of which he was a member. He traveled from his place of residence to his assigned job sites in a 1970 Renault sedan in which he would carry the tools of his trade as well as other miscellaneous equipment. The tools and equipment weighed approximately 80 pounds. On his income tax return for 1971, petitioner claimed an employee business expense deduction on account of such travel between his residence and the job sites in the amount of $1,335. The record shows that public transportation did not present petitioner with a practical means of traveling to and from his work sites. However, in view of the weight of the equipment he carried to work, it is unlikely that he could have used such alternative transportation even if it had been readily available. On the basis of the foregoing, it is the conclusion of the Court that the petitioner has failed to show that any portion of the expenses claimed by him in driving from his place of residence to the various job sites qualifies *201 within the rules prescribed by Rev. Rul. 63-100, 1963-1 C.B. 34, and the decision of the Supreme Court in Fausner v. Commissioner,413 U.S. 838 (1973), rehearing denied 414 U.S. 882 (1973). In order for the petitioner to be entitled to deduct his claimed transportation expense within the rules prescribed by Rev. Rul. 63-100, he must show that he would not have traveled to the job sites by private vehicle but for the necessity of transporting his tools and equipment. Since viable public transportation was not available, the petitioner has failed to meet this test. [4] Nor will the record support a finding that the petitioner incurred any additional expense, which might otherwise be deductible, on account of the fact that in driving to the job sites, the petitioner carried his tools and equipment with him. Petitioner makes various constitutional arguments against the disallowance of the above claimed deduction. We find petitioner's arguments to be either *202 irrelevant, unpersuasive or inapplicable to the question at hand. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Eileen B. Turpin is a petitioner herein only by virtue of having filed a joint income tax return with her husband.↩
3. In lieu of itemizing his automobile expenses, petitioner used the optional method as permitted by respondent, computing his deduction on the basis of 12 cents per business mile.↩
4. In Alfred Patti,T.C. Memo. 1975-107↩, the cost of commuting to and from work was disallowed even where viable public transportation was available.